Clinton L. Tapper, OSB 084883
Tapper Law Firm LLC
474 Willamette St Ste 306
Eugene, OR 97401
Clinton@tapper-law.com
P: (458) 201 7828
F: (458) 201 7636

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GERALD NEWENHOF, KARINA BETH NEWENHOF, JEFFREY NEWENHOF<br><br>Plaintiff(s),<br><br>vs.<br><br>COLUMBIA MEMORIAL HOSPITAL GROUP HEALTH PLAN FOR EMPLOYEES, UMR,<br><br>Defendant(s) | CASE NO.: 3:24-cv-01278<br><br>COMPLAINT<br><br>ERISA CLAIM FOR BREACH OF FIDUCIARY DUTY, AND CLAIM FOR EQUITABLE RELIEF TO REDRESS PLAN AND FIDUCIARY DUTY VIOLATIONS<br>29 U.S.C. § 1132(A)(3), ERISA § 502(A)(3) |

**PARTIES, JURISDICTION, AND VENUE**

1. At all times material, Gerald Newenhof was and is the son of Karina Beth Newenhof and Jeffrey Newenhof (herein Plaintiff or Newenhof). All Plaintiffs were individuals domiciled in Oregon and enrolled in the Columbia Memorial Hospital Group Health Plan for Employees.

2. At All times material Defendant Columbia Memorial Hospital Group Health Plan for Employees (herein Columbia or the Plan) was and is an employee health benefit plan providing employee medical benefits in the state of Oregon.

3. At all times material, Defendant UMR was and is a Fiduciary under the plan administering appeals and claims. (herein UMR or Fiduciary)

4. This Court has federal question jurisdiction over the parties pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiff hereby reincorporates and reasserts all above paragraphs.

6. At all times material, Plaintiff was enrolled in the Plan and provided health benefits by the Plan.

7. At all times material the Plan provided coverage for; Reconstructive Surgery, defined as "Surgery to restore a bodily function that has been impaired by a congenital Illness or anomaly, or by an accident, or from an infection or other disease of the involved part."

8. On or before February 9, 2024, Plaintiff's care providers diagnosed Plaintiff Gerald Newenhof with a skeletal facial deformity, a congenital illness.

9. On or before February 9, 2024, Plaintiffs skeletal facial deformity caused Plaintiff to have: Difficulty masticating, Speech disorder, Temporomandibular joint dysfunction, Myofascial pain, Upper airway obstruction, Obstructive sleep apnea.

10. On or before February 9, 2024, Plaintiff's care providers recommended upper and lower jaw surgery as a medically necessary treatment for Plaintiffs skeletal facial deformity.

11. On or before February 9, 2024, Plaintiffs care providers made a claim for pre-authorization of upper and lower jaw surgery and submitted jaw measurements and a surgical plan to Defendant.

12. On or about February 9, 2023, Defendant denied Plaintiff's claim for pre-authorization of upper and lower jaw surgery as not medically necessary.

13. On or about April 24, 2023, Plaintiff appealed the denial.

14. On or about June 7, 2023, Defendant denied the first level appealed claim.

15. On or about June 30, 2023, Plaintiff made a second level appeal of the claim.

16. On or about July 11, 2023, Defendant upheld the denial of the second level appeal stating; "we found these requests do not meet criteria because: your medical records did not include measurements of your jaws – your medic your medical records did not include high quality photographs showing your teeth and bite – your medical records do not say that a non-surgical treatment with a breathing machine (PAP therapy) and a mouth appliance have been tried to treat your obstructive sleep apnea – your medical records do not say you need tongue surgery."

17. On or after July 11, 2023, Plaintiff caused the medical providers to again send Plaintiffs medical records with the requested information.

18. On or about July 12, 2023, Plaintiff Gerald Newenhof underwent upper and lower jaw surgery and causing Plaintiffs Katrina Beth Newenhof and Jeffrey Newenhof to incur $28,715.00 in medical expenses.

19. On or about March 15, 2024, Defendant acknowledged the receipt of the medical records documenting Plaintiffs congenital illness, but upheld the denial of the claim stating "Your medical records do not say that non-surgical treatment with a breathing machine (PAP therapy) or a mouth appliance have been tried to treat your obstructive sleep apnea."

**FIRST CLAIM FOR RELIEF – FAILURE TO PAY BENEFITS UNDER THE PLAN**

**ERISA, 29 U.S.C.§ 1132 (a)(1)(B)**

20. Plaintiff hereby re-asserts and re-incorporates all above allegations.

21. The Plan provides in pertinent part that it will provide coverage for "Surgery to restore a bodily function that has been impaired by a congenital Illness or anomaly, or by an Accident, or from an infection or other disease of the involved part."

22. Plaintiff suffered a congenital illness or anomaly that impaired Plaintiff's bodily functions including: breathing, speaking, eating and sleeping.

23. Plaintiffs treatment was medically necessary to restore those bodily functions.

24. Defendant's denial was based on alternative treatments for one of the impaired bodily functions while ignoring the remaining impaired bodily functions that the treatment would restore.

25. By denying Plaintiff payment of benefits under the Plan, defendants have violated and continue to violate the provisions of the plan.

26. Plaintiff asks the Court award payment of benefits under ERISA, 29 U.S.C.§ 1132 (a)(1)(B).

27. Plaintiff has been required to retain the services of an attorney in this matter and the Court should exercise its authority to award Plaintiff reasonable attorney fees incurred herein pursuant to 29 U.S.C. § 1132(g)(1).

**SECOND CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTY AND CLAIMS FOR EQUITABLE RELIEF 29 U.S.C. § 1132(a)(3)**

28. Plaintiff hereby incorporates and re-asserts all above paragraphs in this cause of action.

29. Under ERISA, a fiduciary of an employee benefit plan must, among other fiduciary responsibilities: (a) discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); (b) discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1); and (c) discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries and in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with ERISA § 404(a)(1)(D), 28 U.S.C. § 1104(a)(1)(D).

30. Defendants violated its fiduciary duties and the terms of the plan by; Failing to approve payment for Plaintiffs care.

31. As a result of the breach of fiduciary duty, Defendant has profited in an amount of be determined at trial, but not expected to exceed $28,715.00.

32. As a result of these breaches of fiduciary duty, Defendant should be equitably estopped from denying Plaintiff's benefits in the amount of $28,715.00.

33. As a result of these breaches of fiduciary duty, Defendant has been unjustly enriched in the amount of $28,715.00 and should be equitably surcharged by this Court in an amount not to exceed this unjust enrichment.

34. As a result of these violations of fiduciary duty, Plaintiff has been forced to hire an attorney and should be compensated Attorney Fees pursuant to 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

a. Economic damages in an amount to be ascertained but estimated to be $28,715.00,

b. Equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the forms of equitable estoppel; surcharge, or any other equitable remedy the Court deems just and appropriate,

c. Pre-judgement interest at the rate of 9% annum,

d. Attorney fees pursuant to 29 U.S.C. § 1132(g),

e. Any further relief which the Court may deem appropriate.

Dated: August 5, 2024

CLINTON L. TAPPER

/s/ Clinton Tapper

_____

Clinton L. Tapper,
Attorney For Plaintiff